# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT MERRITT,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-0739** |
| | : | |
| **GREGORY POLINSKY,** *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                           **MARCH 18, 2020**

Plaintiff Robert Merritt, a prisoner currently incarcerated at the Northampton County Prison, has brought a Complaint pursuant to 42 U.S.C. § 1983. Merritt seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

### I.     FACTUAL ALLEGATIONS AND LITIGATION HISTORY[1]

Merritt named the following six Defendants in his Complaint: (1) Gregory Polinsky; (2) David Baradgie (identified as "David Berdgle" on the docket due to Merritt's poor handwriting); (3) Lynn; (4) Carol Schultz; (5) Keys; (6) County of Reading; and (7) "Graterfor [sic] prison and Mont Gummery [sic] County." Merritt indicates that he is suing the individual Defendants in their individual and official capacities. The Complaint is sparse and vague. Merritt does not provide any factual allegations about how the Defendants have harmed him, but rather refers to an "Affidavit of Truth" that he apparently intended to, but did not, attach to his Complaint. (ECF No. 1 at 4.)

---

[1] The allegations are taken from Merritt's Complaint. Merritt's handwriting is difficult to read, so the Court has done its best to interpret his allegations.

Merritt generally alleges that various of his constitutional rights have been infringed, including his First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights. (*Id.* at 3.) The Court understands him to be seeking monetary compensation in the amount of $100 million dollars "tax free" for "wrongfull [sic] incarceration" at SCI Graterford in Montgomery County, a state prison that has since been closed. (*Id.* at 5.)

Merritt indicates that his Complaint "is either a refile or a new Complaint the old one Docket no is 5:18-cv-00213." (*Id.* at 9.) Merritt filed *Merritt v. Poinsky*, Civ. A. No. 18-213 (E.D. Pa.), on January 16, 2018 against the same individuals named in the instant Complaint, with the exception of the municipal Defendants and SCI Graterford. His claims were based on allegations that he was sent to prison on a parole violation based on false documents. *Id.* (ECF No. 14 at 1.) The Court understood Merritt to be alleging false arrest/false imprisonment and malicious prosecution claims. *Id.* (ECF No. 14 at 5.) The Complaint alleged that Merritt was sent back to prison on May 31, 2016, and that the operative events occurred in 2016. *Id.* (ECF No. 3-1 at 6.)

In a February 25, 2019 Memorandum and Order, the Court dismissed Merritt's Complaint in Civil Action Number 18-213. Specifically, the Court: (1) dismissed with prejudice Merritt's claims against Polinsky, Schultz, Keys and Baradgie in their official capacities; (2) dismissed with prejudice the claims against Schultz in her individual capacity; (3) dismissed Merritt's claims against Keys and Polinsky for failure to state a claim; and (4) dismissed Merritt's claims against Baradgie and Lynn for lack of timely service. *Id.* (ECF No. 14 at 11.) The Court gave Merritt leave to file an amended complaint raising claims against Keys and Polinsky in their individual capacities. *Id.* (ECF No. 15.) Rather than file an amended complaint, Merritt appealed. *Id.* (ECF No. 17.) His appeal was dismissed on June 24, 2019 for failure to

prosecute. *Id.* (ECF No. 22.)  In the meantime, the Court closed the case. *Id.* (ECF No. 21.) Merritt subsequently filed the pending Complaint in February of 2020.

## II.     STANDARD OF REVIEW

The Court will grant Merritt leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice. *Id.*  As Merritt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Although it is unclear, given Merritt's notation that this case is a "refile" of his prior case, the Court construes his Complaint as raising Fourth Amendment claims related to his 2016 arrest and incarceration.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

---

[2] However, as Merritt is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

3

Additionally, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).

Furthermore, Pennsylvania's two-year limitations period applies to Merritt's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Merritt "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). When a claim is barred by *Heck*, "the statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Heck*, 512 U.S. at 489)). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is

being committed by the person to be arrested." *Id.* at 483. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Merritt's Complaint does not allege any facts at all. Accordingly, he has neither alleged a basis for a plausible constitutional violation nor explained how any of the named Defendants caused him harm. Furthermore, if the criminal judgment that led to Merritt's incarceration has not been reversed or otherwise invalidated, his claims are not cognizable. And if his claims are cognizable, they appear to be time-barred. Several of Merritt's claims also appear to be barred by claim preclusion, also known as *res judicata*, because he appears to be resurrecting claims that have already been dismissed with prejudice. *See Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (explaining that three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." (internal quotation marks omitted)).

Additionally, SCI Grateford, a state prison, is entitled to Eleventh Amendment immunity and is not considered to be a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Merritt's claims against the municipal Defendants fail in addition to the reasons set forth above because he has not alleged a municipal policy or custom responsible for any violation of his constitutional rights. *See Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

5

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Merritt leave to proceed *in forma pauperis* and dismiss his Complaint. Although it appears unlikely that he will be able to state a plausible claim, given the absence of information in his pleading and the fact that Merritt is proceeding *pro se*, the Court will permit him to file an amended complaint. Merritt shall not reassert any claims that were dismissed with prejudice in Civil Action Number 18-213, nor shall he reassert claims that are not cognizable. Merritt's Motions for Appointment of Counsel will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). An Order follows that provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**